The opinion of the court was delivered by
McEnery, J.
The relator was under two indictments in the Criminal District Court. Before the causes were fixed .for trial, relator’s counsel filed a motion suggesting the insanity of the accused.
A commission was appointed by the judge of said court to inquire into his mental condition. This commission reported that he was insane. The question of his insanity was submitted to a jury, and they returned a verdict that he was insane, after which he was remanded to the parish prison.
Application w¡as then made to the judge of the Criminal Court, by the person upon whom the accused had made a murderous assault, and for which he was indicted, under Sec. 1768, R. S., to examine into his mental condition, and that if found insane, to commit him to the insane asylum. To this proceeding the relator’s connsel filed a plea to the jurisdiction of the court, and he was again remanded to the parish prison. Application was then made to the Civil District Court, under the same section of the Revised Statutes, for the interdiction of the accused, to which proceeding relator’s counsel again filed a plea to the jurisdiction of the court, which was overruled. A judgment of' interdiction was rendered, and the accused ordered to be caken to the insane asylum.
The relator, through his counsel, applied to this court for writs of certiorari and prohibition, the object of the proceeding being to annul the order of the judge of the Civil District Court.
It is contended by relator that under Sec. 1778, Revised Statutes, the judge of the Criminal District Court was authorized to commit the accused to the insane asylum when he had been acquitted by a jury, or there had been a failure to indict him by the grand jury and he had been discharged and was dangerous to the safety of the *1232 citizens or to the peace of the State, and that the Civil District Court has no jurisdiction to make inquiry as to the sanity of the accused, because it would be divesting the Criminal District Court of its jurisdiction over the indictments against the accused. The record does not show that a plea of insanity was entered averring that the accused was insane when he committed the crimes for which he was indicted. In such a case, Sec. 1780, Revised Statutes, would apply. The Criminal District Court does not, under the facts as stated, lose its jurisdiction over the indictments against the accused. If he recovers from the insanity, and if it be a case where the insanity developed after the crimes were committed, the cases against the accused are to be continued until after his recovery, when he can be brought to trial.
The facts, as stated, bring this case directly under the Sec. 1768, Revised Statutes, which says: Whenever it shall be made know to the judge of the District or Parish Court by the petition and oath of any individual that any lunatic or insane person within his district ought to be sent to or confined in the insane asylum of this State, it shall be the duty of said district or parish judge to issue a warrant to bring before him, in chambers, said lunatic or insane person, and after proper inquiry into all the facts and circumstances of the case,” to commit him, if, in his opinion, he ought to be sent to the insane asylum.
The relator’s counsel pleaded his insanity, but objects to his being sent to the insane asylum, urging a want of jurisdiction in both courts to inquire into his insanity for this purpose. Both courts had jurisdiction, and the Criminal District Court having failed to make the necessary commitment, the Civil District Court found a lunatic within its jurisdiction who was dangerous to the community and to the peace of the State, unprovided for, and it was its duty to commit him to the asylum.
The relief prayed for is denied and the rule granted herein dis - charged at relator’s costs.